J-S66035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JAMES D. SEDGWICK, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GLYNNIS M. SEDGWICK, | : | |
| | : | |
| Appellant | : | No.  804 WDA 2015 |

Appeal from the Order Entered April 20, 2015,
in the Court of Common Pleas of Clearfield County,
Civil Division at No(s): 2011-1038-CD

BEFORE:  OLSON, STABILE, and STRASSBURGER*, JJ.

MEMORANDUM BY STRASSBURGER, J.:         **FILED NOVEMBER 19, 2015**

Glynnis M. Sedgwick (Wife) appeals *pro se*[1] from the order entered April 20, 2015, which granted the motion to dismiss filed by James D. Sedgwick (Husband) and denied Wife's request for appointment of a master. We affirm.

Husband and Wife were married in 1992 in Alaska.  They have two children together who are ages seventeen and twelve.  The parties separated in 2007, and on June 29, 2011, Husband, through counsel, filed a complaint for divorce against Wife in the Court of Common Pleas of

---

* Senior Judge assigned to the Superior Court.

[1] Wife has represented herself throughout this litigation.

Clearfield County.[2] Wife filed a counter-affidavit pursuant to section 3301(d) of the divorce code stating that she opposed the entry of divorce because of "arrears due" and other claims for economic relief including child and spousal support. Counter-Affidavit, 8/25/2011. That counter-affidavit also set forth that Wife understood that if she wished to raise economic claims, she must file those with the Prothonotary in writing, serve them on Husband, and do so before the date set forth on a notice of intention to request divorce decree. On October 13, 2011, Husband filed a praecipe to transmit record. No further action was taken in this case until August 12, 2014, when the trial court scheduled a case management conference for September 11, 2014. On September 11, 2014, the trial court entered a divorce decree.

On October 10, 2014, the trial court entered an amended divorce decree and retained "jurisdiction over any economic issues which have been claimed or raised by either party during the course of this case." Divorce Decree, 10/10/2014. On January 6, 2015, Wife wrote a letter to the trial court requesting the appointment of a master and alimony *pendente lite* (APL). The trial court scheduled a pre-trial conference, which was held on March 20, 2015. On April 21, 2015, the trial court issued an opinion and order denying Wife's request for appointment of a master and dismissing Wife's request for economic claims. Specifically, the trial court concluded that Wife "failed to raise any [economic claims] in a procedurally correct

---

[2] Wife is a resident of Virginia.

manner" despite "being apprised of the necessity" of doing so. Opinion and Order, 4/21/2015, at 2, 3.

On May 19, 2015, Wife filed a notice of appeal. The trial court ordered Wife to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925, and Wife filed timely a letter in response.

On appeal, Wife has submitted a brief with this Court which acknowledges her *pro se* status and requests that the brief be "acceptable." Wife's Brief at 2 (unnumbered). She makes four specific requests, including alimony, arrears, a change of name, and "repayment of [her] education funds." **Id**. Wife then sets forth a chronological account of what has transpired throughout the divorce and attaches numerous documents copied from the certified record.

"Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed." Pa.R.A.P. 2101. "[A]s a practical matter, this Court [dismisses] appeals for failure to conform to the Rules of Appellate Procedure only where the failure to conform to the Rules results in the inability of this Court to discern the issues argued on appeal." **Kern v. Kern**, 892 A.2d 1, 6 (Pa. Super. 2005).

Although Wife did not adhere to the mandates of the rules of appellate procedure in formulating her brief, we decline to dismiss the appeal, as it appears she is arguing that the trial court erred in failing to consider her economic claims. Wife's Brief at 3 (unnumbered).

In appeals related to divorce actions, this Court employs an abuse-of-discretion standard of review. ***See generally Verholek v. Verholek***, 741 A.2d 792, 795 (Pa. Super. 1999) ("Our standard of review of awards of equitable distribution, counsel fees, and alimony *pendente lite* is well settled: we will not disturb a trial court's determinations absent an abuse of discretion."). The trial court addressed this issue as follows.

> Despite being apprised of the necessity of filing her economic claims with the Prothonotary, and despite being warned that the Counter-Affidavit alone is insufficient to protect her economic rights, [Wife] failed to take any further action and the Court entered a final Decree of Divorce. [Wife] sent a letter to the President Judge seeking the appointment of a Master of Divorce and Alimony *Pendente Lite* (APL). Despite [Wife's] failure to conform to the Pennsylvania Rules of Civil Procedure, the Court treated this letter as a formal filing and held a pre-trial conference on [Wife's] request on March 13, 2015. At that time, counsel for [Husband] made an oral motion to dismiss [Wife's] request for appointment of a master. [Husband's] position regarding the appointment of a Master of Divorce is that [the] Court did not retain jurisdiction over any economic issues as [Wife] failed to raise any in a procedurally correct manner.

> Though the Court understands how challenging it is for *pro se* litigants to navitage the legal system, this Court must agree with [Husband] that no economic issues have been properly raised…. Simply put, [Wife] was apprised of the necessity of filing her economic claims with the Prothonotary; furthermore she was warned that the Counter-Affidavit alone was insufficient to protect her economic rights. However, she failed to take the

appropriate action to raise any economic claims; therefore the Court is without jurisdiction to address them[.]

Trial Court Opinion, 4/21/2015, at 2-3.

We discern no abuse of discretion in the trial court's conclusion that Wife's economic claims were not raised properly. Accordingly, we affirm the order of the trial court.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/2015